## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-cv-20997-BLOOM/Louis**

JEREMY DA,

    Plaintiff,

v.

ALTAFONTE CORPORATION and
FERNANDO LUACES,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On March 5, 2020, Plaintiff Jeremy Da filed his initial Complaint, ECF No. [1], naming Altafonte Corporation and Fernando Luaces as Defendants. Under Rule 4(m) Plaintiff had 90 days to perfect service. *See* Fed. R. Civ. P. 4(m). On March 31, 2020, Plaintiff served Defendant Altafonte Corporation. *See* Return of Service, ECF No. [14]. On April 7, 2020, Plaintiff filed an unexecuted Return of Service, ECF No. [15], stating Defendant Fernando Luaces was not served.

Plaintiff filed a First Amended Complaint, ECF No. [27], on May 12, 2020. To date, however, Plaintiff has not filed a return of service showing Defendant Fernando Luaces has been served and the deadline to serve him has passed. *See Kennedy v. Grova*, No. 11-61354-Civ, 2012 WL 1368139, at *3 (S.D. Fla. Apr. 19, 2012) ("[T]he 120–day[1] period provided by Rule 4(m) is

---

[1] "Effective December 1, 2015, Congress amended Fed R. Civ. P. 4(m) to shorten the deadline for service from within 120 days after the complaint is filed to within 90 days after the complaint is filed." *Hart v. Zimmerman Holdings Grp., Inc.*, 313 F.R.D. 671, 672 n.1 (S.D. Fla. 2016) (citation and internal quotation marks omitted).

Case No. 20-cv-20997-BLOOM/Louis

not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." (alteration added; quoting *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006); other citations omitted)).

Accordingly, it is **ORDERED AND ADJUDGED** that the case is dismissed with respect to Defendant Fernando Luaces.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 4, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT COURT**

Copies to:

Counsel of Record