UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20997-BLOOM/Louis

JEREMY DA,

    Plaintiff,

v.

ALTAFONTE CORPORATION and
FERNANDO LUACES,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff Jeremy Da's Motion to Vacate Dismissal of Defendant Fernando Luaces [and] for Leave to Effectuate Service by Alternative Means, ECF No. [36].

On June 4, 2020, the Court entered an Order, ECF No. [34], dismissing Luaces from the case because Plaintiff failed to serve him within the time provided under Rule 4(m). According to Plaintiff, the June 4, 2020 Order is "manifestly erroneous" because, subsequent to filing the initial Complaint, ECF No. 1, Plaintiff discovered Luaces is a citizen of Spain, and "[t]he 120-day time limit for service of process [under Rule 4(m)] is not applicable in the case of foreign defendants." Mot. 2 (alterations added; quoting *In re Initial Pub. Offering Sec. Litig.*, 358 F. Supp. 2d 189, 196 (S.D.N.Y. 2004); internal quotation marks omitted). Plaintiff also requests the Court authorize alternative service via email because "effectuating service by traditional means will cause further delays" (Mot. 3), especially considering the current health crisis.

Plaintiff overstates the exemption for service on foreign defendants under Rule 4(m), which is "based on a 'recognition that the timeliness of foreign service is often out of the plaintiff's

control.'" *Maale v. Caico Beach Club Charter, Ltd.*, No. 08-80131-Civ, 2008 WL 11333730, at *2 (S.D. Fla. Sept. 10, 2008) (alterations adopted; quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)). "The exemption cannot mean that a plaintiff has an unlimited time in which to serve a defendant overseas — with the filing of a complaint merely tolling the time until a plaintiff ultimately serves the defendant, whenever that may be." *Id.* at *2. Therefore, "[s]ome courts have conditioned this foreign service 'exemption' upon a showing that good faith attempts were made to serve within the 120–day period." *Mumford v. Carnival Corp.*, 5 F. Supp. 3d 1365, 1366 (S.D. Fla. 2014) (alteration added; citation and internal quotation marks omitted); *see also USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133–34 (2d Cir. 2005) ("Although Rule 4(m) creates an exception for service in a foreign country pursuant to subdivision (f) which sets forth procedures for such service . . . this exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country." (alteration added; internal quotation marks and citations omitted)).

Plaintiff states he "inquired about arranging service on Mr. Luaces via the Hague Convention" and "has been informed that delays of service in Spain are considerable," Mot. ¶ 6, but Plaintiff does not indicate he has actually attempted service in Spain. Certainly, Plaintiff's initial attempt to serve Luaces in *Florida*, *see* Mot. ¶ 1, does not constitute a good faith effort to serve Luaces, as Plaintiff made this effort before learning Luaces resides in Spain. *See Maale*, 2008 WL 11333730, at *2 (denying the plaintiff's motion for an extension of time to serve foreign defendants, and dismissing foreign defendants without prejudice, noting "[the p]laintiff has not made any showing as to why any of the methods allowable under the laws of Argentina or Turks and Caicos pursuant to the Hague Convention have not allowed for effective service." (alteration added)). In same vein, the Court finds Plaintiff's justification for service via email unavailing.

While the Coronavirus health crisis has certainly caused administrative delays across many fields, the Hague Convention remains in effect.

Notwithstanding, on review of the Amended Complaint, ECF No. [27], it appears the Court cannot cleanly resolve this matter with respect to Defendant Altafonte Corporation only. Accordingly, in the interest of judicial economy and to better manage the orderly progress of the case, it is

**ORDERED AND ADJUDGED** that Jeremy Da's Motion to Vacate Dismissal of Defendant Fernando Luaces [and] for Leave to Effectuate Service by Alternative Means, ECF No. **[36]** is **GRANTED in part** and **DENIED in part** as follows.

1. The Court's June 4, 2020 Order, ECF No. **[34]**, is **VACATED** and the Clerk of the Court is instructed to reinstate Fernando Luaces as a Defendant.

2. Plaintiff's Motion for Leave to Effectuate Service by Alternative Means is **DENIED**.

3. Plaintiff is instructed to submit, every forty-five (45) days from the date of this Order, status reports advising of the status of service upon the foreign Defendant, Fernando Luaces.

4. The Clerk of the Court is instructed to **CLOSE** the case for administrative purposes only and without prejudice to the parties. The case will be reopened when Plaintiff files proof of service on Defendant, Fernando Luaces.

5. Defendant Altafonte Corporation's Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. **[32]**, and Plaintiff's Unopposed Motion for Extension of Time to Responds, ECF No. **[39]**, are **DENIED** as moot. Defendant Altafonte Corporation may refile a motion to dismiss when the case is reopened.

Case No. 20-cv-20997-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 10, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record